**In re Floyd E. IVERSON, Margaret A. Iverson, Debtors.**

**George N. GROSS, Trustee; Floyd Iverson and Margaret Iverson, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.**

**Bankruptcy No. 387–06470–P7.**

**Adv. No. 88–0567–P.**

United States Bankruptcy Court, D. Oregon.

Oct. 23, 1989.

Don Dana, Salem, Ore., for trustee.

Michael Trow, for U.S. Dept. of Agriculture.

### MEMORANDUM DENYING MOTION TO DISMISS

DONAL D. SULLIVAN, Bankruptcy Judge.

The motion to dismiss filed by the Government should be denied. My reasons follow.

The issue is whether 11 U.S.C. § 106(c), as augmented by the "not withstanding other laws" language of 28 U.S.C. § 1334(b) extends jurisdiction to the Bankruptcy Court in civil proceedings against the United States. But for the bankruptcy, 15 U.S.C. § 714b(c) would require this action to be brought in the Court of Claims under 28 U.S.C. § 1491. The action is an action for damages exceeding $10,000 against the government under the tests outlined in *Gibson v. Block*, 619 F.Supp. 1572 (N.D.Ind.1985). Both sides argue opposite conclusions based upon *Hoffman v. Connecticut Dept. of Income Mainte-*

*nance,* —— U.S. ——, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989).

Sovereign immunity includes two separate concepts. The first concept is whether the sovereign has agreed to be substantively liable to damages and the second concept is whether the sovereign, where there is liability, has consented to be sued in a particular court or in any court. Entitlement to money damages under the first concept "depends upon whether any federal statute 'can fairly be interpreted as mandating compensation by the federal government for the damage sustained'" *United States v. Testan,* 424 U.S. 392, 401, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). 11 U.S.C. § 106(c) is a statute concerned with liability. Choice of court under the second concept depends upon interpretation of the jurisdiction statutes. 28 U.S.C. § 1334(b) is a statute concerned with choice of court. Availability of equitable relief involves different principles of sovereign immunity and primarily concerns the second concept. See, *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 2738 n. 42, 101 L.Ed.2d 749 (1988).

*Hoffman* involved complaints against the State of Connecticut seeking turnover under a contract and recovery of a preference. The justices considered the primary issue under 11 U.S.C. § 106(c) of whether Congress imposed substantive liability on the state and the issue of whether the 11th Amendment prohibited suit in the federal court. The court did not consider Connecticut law on the liability issue nor did they need to consider 28 U.S.C. § 1334(b) as it pertains to the choice of court issue. The majority and the dissenting opinions dealt with both issues without distinguishing between them while the concurring opinions limited consideration to the 11th Amendment issue. The majority distinguished between "cases" and "issues" and found that its ruling denying substantive liability did not render 11 U.S.C. § 106(c) meaningless. Jurisdiction to render declaratory relief survived. As further explanation, the court opined that Section 106(c) was also effective to waive the sovereign immunity of the United States in this regard.

The government misreads *Hoffman.* The court did not under any reasonable construction reduce jurisdiction in cases against the United States such as *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) where there is clear Congressional consent to liability and a substantive waiver of sovereign immunity. To the contrary, *Hoffman* emphasizes jurisdiction even where there is no substantive waiver of sovereign immunity in cases seeking prospective or declaratory relief rather than money damages. Logically, *Whiting Pool's* reasoning with respect to 11 U.S.C. § 542(a) applies equally to 11 U.S.C. § 542(b). Cases such as *In re Prudential Lines, Inc.,* 79 B.R. 167, 182 (Bkrtcy.S.D.N.Y.1987) are therefore inconsistent with the *Hoffman* dicta in this respect.

The district court case of *Pearson v. U.S.A., (In re Pearson),* D.C.Civ. No. 89–686–FRE, 1989 WL 122136 (Frye, Oct. 3, 1989) involved the issue of whether the United States may be liable under 11 U.S.C. § 362(h) for the willful violation of the automatic stay by its agents. Under *Hoffman* and at common law, a sovereign is not liable in damages as a substantive matter for the willful conduct of its agents under respondent superior principles unless there is clear legislative consent. The district court found no substantive consent to liability for willful conduct. I do not read *Pearson* as dealing with the question of whether the Bankruptcy Court can hear a case where there is consent to substantive liability.

Under any fair interpretation of 15 U.S.C. § 714 without reaching the 11 U.S.C. § 106(c) issue, Congress consented to hold the United States liable in damages for breach of contract as a substantive matter. Although the section also confers exclusive jurisdiction depending upon the amount involved on the Court of Claims, 28 U.S.C. § 1334(b) extends jurisdiction to the Bankruptcy Court, "notwithstanding any act of Congress that confers exclusive jurisdiction on a court or courts other than the district court." 11 U.S.C. §§ 106(c) and 542(b) apply. The government's interpretation would render both 11 U.S.C. § 106(c)

and 28 U.S.C. § 1334(b) practically meaningless, something *Hoffman* declined to do.

For the foregoing reasons, a separate order should enter denying the motion to dismiss.