In the Matter of COMPTON CORPORATION, Debtor.

Walter KELLOGG, Trustee in Bankruptcy of Compton Corp., Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF ENERGY, Defendant–Appellee.

No. 5–127.

Temporary Emergency Court of Appeals.

Nov. 14, 1989.

David R. Snodgrass, and Todd R. Moore, Gardere & Wynne, Dallas, Tex., were on the brief, for plaintiff-appellant.

Don W. Crockett, Arthur S. Weissbrodt, and Diane Polinger, Dept. of Energy, Washington, D.C., were on the briefs, for defendant-appellee.

Before DAUGHERTY, WEIGEL and THORNBERRY, Judges.

THORNBERRY, Judge:

## FACTS

Debtor–Appellant Compton Corporation (Compton) was a crude oil reseller during the period in which mandatory petroleum price and allocation regulations were in effect. In 1982, Compton filed for bankruptcy under Chapter 7 of the bankruptcy code, and Walter Kellogg (trustee) was appointed as trustee of the bankrupt estate.

On April 26, 1984, the Department of Energy (DOE) issued a proposed remedial order (PRO) requiring Compton to deliver $6,065,681.93 plus $2,785,619.00 in interest for alleged crude sale overcharges in violation of regulations promulgated pursuant to the Economic Stabilization Act of 1970 (ESA), 12 U.S.C. § 1904 note, and the Emergency Petroleum Allocation Act of 1973 (EPAA), 15 U.S.C. §§ 751 et seq. The DOE used the PRO as the basis for its proof of claim in the bankruptcy court. The trustee responded by filing a notice of objection to the PRO, thereby initiating formal administrative proceedings before the Office of Hearings and Appeals (OHA) to review the findings and conclusions in the PRO. See 10 C.F.R. § 205.199B(a).

In March 1984 the trustee filed a motion in the bankruptcy court to subordinate the DOE's claim, alleging that the claim was a penalty under 11 U.S.C. § 726(a)(4) of the bankruptcy code. Two months later, the trustee also filed a motion to stay the OHA proceeding pursuant to 11 U.S.C. §§ 362(a) and 105(a).

The bankruptcy court granted both motions, and subordinated the DOE's claim to fourth rather than second priority. Pursuant to 28 U.S.C. § 158(a), the DOE appealed to the district court, which reversed both of the bankruptcy court's rulings. 90 B.R. 798. The trustee filed its notice of appeal to the Fifth Circuit, which dismissed the appeal and transferred it to this court pursuant to 28 U.S.C. § 1631. Because we find that the district court's ruling is not a final appealable order as required by 28 U.S.C. § 158(d), we dismiss the appeal for lack of jurisdiction.

## DISCUSSION

The threshold issue presented is whether we have jurisdiction to consider this appeal. 28 U.S.C.A. § 158(d) (West Supp.1989) provides that in bankruptcy cases, "[t]he court of appeals shall have jurisdiction of appeals from all *final* decisions, judgments, orders, and decrees" entered by district courts or bankruptcy appellate panels reviewing bankruptcy court orders. (Emphasis added). A final judgment does not exist unless "there has been 'a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *United States Department of Energy v. West Texas Marketing Corp.*, 763 F.2d 1411, 1417 (Em.App. 1985) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981)). Although

the trustee objects that the DOE failed to raise the issue of finality in a timely manner, it is well settled that appellate courts are obliged to consider their own jurisdiction. *Id.* at 1415.

In applying the final judgment rule in bankruptcy appeals, we recognize that courts properly view finality more flexibly under § 158(d) than in ordinary civil cases under 28 U.S.C. § 1291 (1982). *See, e.g., In re Morrell,* 880 F.2d 855, 856 (5th Cir.1989); *In re Morse Electric Co.,* 805 F.2d 262, 264 (7th Cir.1986); *In re Saco Local Development Corp.,* 711 F.2d 441, 443–46 (1st Cir. 1983); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3926, at 104–06 (West Supp.1989). This "greater flexibility reflects two special attributes of bankruptcy proceedings— their ongoing nature, frequently over long time periods, and the fact that discrete claims are often resolved at various points during these proceedings." *In re Johns– Manville Corp.,* 824 F.2d 176, 180 (2d Cir. 1987). Nevertheless, the policies underlying the finality doctrine—controlling piecemeal adjudication and eliminating the delays caused by interlocutory appeals—still apply in bankruptcy appeals. *In re Commercial Contractors, Inc.,* 771 F.2d 1373, 1375 (10th Cir.1985). With these policies in mind, we now turn to the appellant-trustee's arguments that finality exists in this appeal.

### I. *Separate Judicial Unit*

■ First, appellant argues that even though further proceedings to determine the amount of the claim are still necessary, the subordination issue is nonetheless final because it "forms a sufficiently concrete and separable dispute" so as to qualify as a "separate judicial unit for section 158 finality purposes." *See In re Louisiana World Exposition, Inc.,* 832 F.2d 1391, 1396 (5th Cir.1987); 1 *Collier on Bankruptcy* ¶ 3.03, at 3–181 (L. King. ed. 1989). This argument fails, however, because the subordination issue alone is not sufficient to qualify as a "separate judicial unit."

In *United States Department of Energy v. West Texas Marketing Corp.,* 763 F.2d 1411 (Em.App.1985), this Court considered a similar appeal to the one now before us. In that case, the bankruptcy court subordinated the DOE's claim for EPAA violations on the grounds that the claim was a penalty, but the court did not determine the amount, if any, of the DOE's claim. *Id.* at 1413. The district court affirmed and the DOE appealed the subordination order. Originally, the TECA panel dismissed the case,[1] holding that because the amount of the DOE's claim had not been liquidated, the order on the priority issue alone was not final. *Id.* at 1417. Because "the elements of amount, priority and allowability of the claim are integral parts of a core issue in bankruptcy," considering only one of the elements was "basically interlocutory." *Id.* at 1418 (Christensen, J., concurring).

We agree with this analysis. The relevant "separate judicial unit" in a bankruptcy proceeding is not a single issue, such as priority, but the entire dispute over the individual claim. The elements of amount, priority, and allowability of the claim cannot be carved out of the "separate judicial unit" to create smaller, more discrete units. If such a process were allowed, the rule against interlocutory appeals to this court would be severely undercut. Thus, until all of the significant elements of a claim are determined in the adversary proceeding between the trustee and the DOE, the final disposition of the priority issue alone is insufficient for a final order to exist. *See Louisiana World Exposition,* 832 F.2d at 1396 ("Of course, even though the adversary proceeding may for these purposes be considered a separate judicial unit, nevertheless for this court to have jurisdiction under section 158 the order must finally dispose of all the issues in that separate proceeding."); 1 *Collier on Bankruptcy, supra,* ¶ 3.03, at 3–182 to –183 ("[O]nce one reaches the conclusion that each adversary proceeding or contested matter is a sepa-

---

1. On rehearing, Judges Christensen and Estes reversed their positions on finality on the basis of the collateral order doctrine. *West Texas* *Marketing,* 763 F.2d at 1425–26 (on rehearing) (per curiam). We address this doctrine *infra* in Part III.

rate judicial unit for purposes of determining finality, orders entered during the course of that proceeding are interlocutory.").

## II. *Significant Further Proceedings*

Finding that the subordination issue is not a separate judicial unit, we now turn to the trustee's second argument that finality nevertheless exists because the district court order does not involve a remand of "the case to the bankruptcy judge for *significant further proceedings.*" *In re Riggsby*, 745 F.2d 1153, 1156 (7th Cir.1984) (emphasis added).[2]  As explained in *In re Fox:*

> Although a district court's decision remanding a case to a bankruptcy judge normally is not final for purposes of appeal, it is final for those purposes if all that remains to do on remand is a purely mechanical, computational, or in short "ministerial" task, whose performance is unlikely either to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand.

762 F.2d 54, 55 (7th Cir.1985). The trustee argues that because the bankruptcy judge will not conduct any significant further proceedings on remand, the district court's decision should be considered final. We disagree.

On remand from the district court, an administrative hearing before the OHA is necessary to determine the DOE's claim. Although the bankruptcy court will maintain jurisdiction over the liquidation procedure, it must defer to the OHA for liquidation of the DOE's claim. *See Nathanson v. NLRB*, 344 U.S. 25, 30, 73 S.Ct. 80, 83, 97 L.Ed. 23 (1952); *In re Gary Aircraft*

*Corp.*, 698 F.2d 775, 782–84 (5th Cir.), *cert. denied*, 464 U.S. 820, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983). Because the bankruptcy court must defer to the OHA on the liquidation issue and must accept the district court's characterization of the priority issue, it is arguable that there is nothing more for the bankruptcy judge to do but implement the findings of other tribunals. Under *Riggsby* and its progeny, one might conclude that only ministerial tasks remain for the bankruptcy court, and because ministerial tasks do not involve a "remand to the bankruptcy judge for significant further proceedings," the priority determination is final.

However, limiting the inquiry to an examination of proceedings before the bankruptcy judge oversimplifies the principle announced in *Riggsby*. The question is not whether the *bankruptcy judge* must undertake further significant proceedings, but whether significant proceedings between *the parties* exist upon remand. In determining finality, the proper focus is on the discrete judicial unit within the larger case, not the forum in which the dispute will take place.[3]  Framing the inquiry in this manner furthers the policy of avoiding the delays associated with piecemeal litigation and renders immaterial the particular forum in which the proceedings will occur.

Applying this analysis, we find that significant further proceedings between the parties are required to determine the amount of the DOE's claim against the estate. In *In re Fox*, the court considered this very issue and held that "an order upholding liability but leaving damages for subsequent determination is not a final order. Too much is left to do in the trial court (here the bankruptcy court)." 762

---

**2.** Under *Riggsby*, a district court decision reversing the bankruptcy judge and remanding the case is not final "if the decision remands the case to the bankruptcy judge for significant further proceedings." *Riggsby*, 745 F.2d at 1156. The majority of circuits have adopted this test. *See, e.g., In re Gould & Eberhardt Gear Mach. Corp.*, 852 F.2d 26, 29 (1st Cir.1988); *Bowers v. Connecticut Nat'l Bank*, 847 F.2d 1019, 1023 (2d Cir.1988); *In re Bowman*, 821 F.2d 245, 247–48 (5th Cir.1987); *In re Commercial Contractors, Inc.*, 771 F.2d 1373, 1374–75 (10th Cir.1985); *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1028–

29 (11th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989). This court has also indicated its acceptance of *Riggsby*. *See West Texas Marketing*, 763 F.2d at 1417.

**3.** In *Riggsby*, there was no tribunal such as the OHA exercising concurrent jurisdiction over the resolution of the claim. Thus, the court's use of "significant further proceedings" before the bankruptcy judge was synonymous with significant further proceedings between the parties.

F.2d 54, 55 (7th Cir.1985). Other courts have also indicated that even though the actual amount of the claim to be realized is not necessary, finality at least requires that the amount of the claim against the estate be determined. *See In re Morse Electric Co.*, 805 F.2d 262, 264 (7th Cir. 1986); *Giles World Marketing, Inc. v. Boekamp Manufacturing, Inc.*, 787 F.2d 746, 748 (1st Cir.1986); *In re Goldblatt Brothers, Inc.*, 758 F.2d 1248, 1251 (7th Cir.1985); *In re Saco Local Development Corp.*, 711 F.2d 441, 448 (1st Cir.1983).[4]

This case is no different. First, the remand to determine the amount of the DOE's claim is a significant proceeding in the sense that it does not involve only ministerial proceedings such as "the computation of amounts according to established formulae." *In re Gould & Eberhardt Gear Machinery Corp.*, 852 F.2d 26, 29 (1st Cir.1988). Rather, the OHA will conduct a review of the DOE's findings and conclusions in the PRO, including the amount of the alleged overcharges, and decide whether to adopt, modify, or rescind the PRO. *See* 10 C.F.R. § 205.199B(a). Second, because a potential waste of resources could occur if, for example, the OHA determines that the DOE claim is invalid, the important policies of avoiding piecemeal litigation and conserving judicial resources are furthered by refusing to decide the priority issue until the conclusion of all significant proceedings between the parties. As recognized in *Riggsby:*

> Because most proceedings before bankruptcy judges are summary, remands take little time to complete and it is therefore more efficient to wait till the bankruptcy judge is finished with the case—not necessarily with the bankruptcy, since a single bankruptcy can give rise to numerous claims which are litigable to final judgments appealable while the bankruptcy proceeding is still going on,—before bringing the case to the court of appeals. If a district judge remanded a case for further proceedings that would take a week to complete, and the remand order was appealable and was upheld on appeal, a year or more might elapse before the proceedings on remand were concluded. Yet if those proceedings had been conducted without this interruption, then, depending on their outcome, there might be no appeal at all, and in any event there would be no chance of two appeals....

*Riggsby*, 745 F.2d at 1155–56 (citations omitted); *accord In re Commercial Contractors, Inc.*, 771 F.2d 1373, 1375 (10th Cir.1985); *Fox*, 762 F.2d at 55. Thus, we hold that the district court's decision reversing the bankruptcy court and remanding to determine the amount of the claim requires significant further proceedings between the parties and thereby precludes a finding of finality.

### III. *Collateral Order Doctrine*

■ Finally, the trustee urges this Court to consider this appeal under the "collateral order" exception to the finality rule. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under this doctrine, "an order must at a minimum satisfy three conditions: [1] it must 'conclusively determine the question' [2] 'resolve an important issue completely separate from the merits of the action,' and [3] 'be effectively unreviewable on appeal from a final judgment.'" *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).

In *West Texas Marketing*, the contingency concerning an unsettled ingredient of the claim led the court initially to find that the order was not final. On rehearing, however, Judges Christensen and Estes relied on the collateral order doctrine to reverse their positions on finality. They noted that the DOE "presented information" that that if the issue of subordination were not determined, the amount of the claim

---

4. Although the jurisdictional statute under consideration in *Goldblatt* and *Saco* was 28 U.S.C. § 1293(b), "the jurisdiction of the court of appeals over appeals in cases and proceedings arising under title 11 remains the same under § 158(d) as it was under its predecessor, 28 U.S.C. § 1293(b) (effectively repealed July 10, 1984)." *West Texas Marketing*, 763 F.2d at 1416.

could never be determined. Because there was no opportunity to be reheard, the collateral order doctrine applied. *West Texas Marketing*, 763 F.2d 1411, 1425 (Em.App. 1985) (on rehearing) (per curiam).

Though the court did not elaborate, the facts in *West Texas Marketing* reveal why the characterization of the DOE claim as a penalty fit within the collateral order exception. Specifically, so long as the fourth priority characterization was allowed to stand, the amount of the claim was immaterial. This was so simply because creditors in the fourth class would not have received any recovery on their claims. Thus, unless the court of appeals recharacterized the priority of the claim, the amount of the claim was irrelevant and would never be finally determined. Therefore, the third prong requiring that the issue "be effectively unreviewable on appeal from a final judgment" was met.

The case before us is distinguishable. Here, the district court reversed the bankruptcy judge and held that the DOE's claim was in the second priority category. It is uncontested that claims in this category will receive at least some return. Indeed, the trustee informed the bankruptcy judge that if the DOE claim is not subordinated to the fourth category, the amount of the DOE's claim will become material and he would challenge the amount of the claim.

Thus, following the proceeding before the OHA challenging the amount and validity of the DOE's claim, the bankruptcy court will take whatever action is necessary—presumably the adoption of the OHA's findings. If desired, an appeal to the district court will then become possible. Finally, an appeal of all of the issues, including priority and amount, could be taken to the court of appeals, which could then resolve all of the issues at one time. Therefore, because appellate review of the priority determination will exist following the conclusion of these proceedings, the third prong of the test is not met, and the collateral order exception does not apply. *In re Greene County Hospital*, 835 F.2d 589, 596 (5th Cir.), *cert. denied*, ___ U.S. ___, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988).

## CONCLUSION

For the foregoing reasons, we lack jurisdiction to review the order before this court, and this appeal is

DISMISSED.