In re J. Fulton MURRAY, Jr., Debtor.

J. Fulton MURRAY, Jr., Plaintiff,

v.

UNITED STATES of America, DEPARTMENT OF TREASURY, OFFICE OF THRIFT SUPERVISION, Defendant.

Bankruptcy No. 390–36974 RCM–7.
Adv. No. 391–3128.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

June 17, 1991.

Alan S. Trust, Wes Loegering, Dallas, Tex., for plaintiff and debtor.

Martin Jefferson Davis, Sr. Trial Atty., Office of Chief Counsel, Office of Thrift Supervision, Washington, D.C., Gary C. Anderberg, Office of Thrift Supervision, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

ROBERT McGUIRE, Chief Judge.

On May 31, 1991, came on for hearing the application of J. Fulton Murray, Jr. ("Plaintiff") for temporary and permanent injunction, and the motion of Office of Thrift Supervision ("Defendant" or "OTS") to dismiss. The case will be dismissed without prejudice. Following are the Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.

### Underlying Fact

Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 17, 1990.

On November 6, 1990, notice of the rescheduled meeting of creditors was served on the Dallas, Texas and Washington, D.C. offices of Defendant, and the U.S. Attorney General, Richard Thornburg.

On November 29, 1990, Defendant requested Plaintiff's counsel to forward a copy of Plaintiff's Statement of Financial Affairs and Schedules.

On or prior to November 29, 1990, Defendant had actual knowledge of Plaintiff's bankruptcy proceeding.

On November 23, 1990, Plaintiff and Defendant entered into a Stipulation and Consent to Issuance of Order of Prohibition, and Order of Prohibition (the "Prohibition Order"), in which they agreed that Plaintiff would cease and desist from engaging in the conduct of the affairs of Murray Savings Association ("Murray Savings"), and, without consent of Defendant, would not hold office in, or participate in the conduct or affairs of any therein-defined insured institutions. Such Prohibition Order concluded a prior administrative proceeding.

On January 25, 1991, Defendant served upon Plaintiff a Notice of Charges and Hearing for an Order to Cease and Desist and to Direct Restitution and Other Affirmative Corrective Relief ("Notice") seeking, "among other things, affirmative corrective action including restitution, reimbursement, indemnification, guaranty against loss, or other appropriate relief" against Plaintiff.

On March 1, 1991, this Court granted and entered an order of discharge to Plaintiff.

On March 5, 1991, Plaintiff filed this Complaint for Declaratory Judgment, for Damages for Violation of Automatic Stay, and Application for Temporary and Permanent Injunction ("Complaint").

On April 10, 1991, Defendant filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted.

Defendant did not file any § 523 or § 727 complaint against Plaintiff.

### Conclusions of Law

Defendant's motion to dismiss is granted without prejudice to Plaintiff bringing an action to determine the dischargeability of any recovery awarded in the administrative proceeding.

12 U.S.C. § 1818(i) deprives this Court of jurisdiction to enjoin the OTS administrative proceeding at this point in time. *MCorp Financial v. Board of Governors,* 900 F.2d 852 (5th Cir.1990), *reh'g denied, en banc* 911 F.2d 730 (5th Cir.1990), *cert. granted* — U.S. ——, 111 S.Ct. 1101, 113 L.Ed.2d 212 (1991). That section provides:

> ... [E]xcept as otherwise provided in this section no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order.

11 U.S.C. § 524(a)(2) provides:

> (a) A discharge in a case under this title—
>
> > (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived....

The injunction set forth above is statutory. Congress, not this Court, has enjoined the type of behavior and action set forth in the statute. *See, In re Brinkman,* 123 B.R. 318, 321 (Bankr.D.Minn.1991). The question is whether the present administrative proceeding is an action "or an act, to collect, recover or offset" a debt that has been discharged in bankruptcy. The administrative proceeding, at this juncture, is an effort to fix and ascertain the responsibility of the Plaintiff under 12 U.S.C. § 1818 *et seq.,* and is not an action to collect or recover a debt.

Defendant, as an agency of the United States, is a "governmental unit" for purposes of Title 11. 11 U.S.C. § 101(26). As such, Defendant is subject to the declaratory and injunctive powers of this Court. 11 U.S.C. § 106(c)(2). *Hoffman v. Connecticut Income Maint. Dept.,* 492 U.S. 96, 102, 109 S.Ct. 2818, 2822–23, 106 L.Ed.2d 76 (1989); *In re Vasquez, Guerrero and Compton,* 788 F.2d 130 (3rd Cir.1986); *Small Business Admin. v. Rinehart,* 887 F.2d 165, 169 (8th Cir.1989); *Matter of Neavear,* 674 F.2d 1201 (7th Cir.1982); *In re Iverson,* 108 B.R. 272 (Bankr.D.Ore. 1989); *In re Town & Country Home Nursing Services, Inc.,* 112 B.R. 329 (9th Cir. BAP 1990); *U.S. v. Inslaw, Inc.,* 113 B.R. 802, 810 (D.D.C.1989), *rev'd on other grounds,* 932 F.2d 1467 (D.C.Cir.1991); *In re Price,* 130 B.R. 259 (N.D.Ill.1991). Thus, the order of discharge granted Plaintiff pursuant to § 727(b) binds Defendant.

Notwithstanding the jurisdiction of any other court, the Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 to determine the dischargeability of debts owed to an agency of the United States under Title 11. This rule was enunciated by the Seventh Circuit in *In re Neavear, supra.* The court therein stated:

> Section 106(c) thus preserves the rule, established in *Gwilliam [v. United States,* 519 F.2d 407 (9th Cir.1975)] and approved by this court in *McKenzie [v. United States,* 536 F.2d 726 (7th Cir. 1976)] that a debtor may seek a declaration from the bankruptcy court that a debt owed to an agency of the United States is dischargeable.... Accordingly, we hold that section 106(c) of the Bankruptcy Code waives the sovereign immunity of the United States with respect to questions relating to the dischargeability of debts owed to the government.

*See also, In re Vasquez, Guerrero and Compton, supra,* at 133. The issue of dischargeability of any debt owed to Defendant is not presently before this Court.

Defendant is a "creditor" of Plaintiff's bankruptcy estate. 11 U.S.C. § 101(9) defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief con-

cerning the debtor. "Claim", under § 101(4) is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." A "debt" is a liability on a claim. 11 U.S.C. § 101(11). Thus, the question remains whether Plaintiff is liable on this claim. This is an issue that can be determined in the administrative proceeding.

The nondischargeability of any debt is determined pursuant to § 523. The prayer in Defendant's Notice is in terms of restitution, indemnification and guaranty for loss. Arguably any recovery awarded Defendant may fall within § 523(a)(7). *See, Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). There is no time limitation in which to file a complaint seeking the nondischargeability of such debt. Bankruptcy Rule 4007(b).

At this point in time it is unknown whether Plaintiff has any personal liability on this claim for purposes of § 524(b)(2), nor is the nature of the possible debt known for purposes of § 523. There is no § 523 complaint before this Court. In this adversary proceeding, Plaintiff seeks a declaratory judgment by this Court on the charges currently pending in the administrative proceeding. This Court does not have the authority to preempt the administrative proceeding. *Groos Nat. Bank v. Comptroller of Currency,* 573 F.2d 889, 895 (5th Cir.1978).[1]

Defendant's administrative proceeding is exempted from the automatic stay of § 362 pursuant to § 362(b)(4). The proceeding is not an action to collect or enforce a judgment, but is one to fix and ascertain Plaintiff's liability for alleged violation of federal banking laws under 12 U.S.C. §§ 1818 *et seq. See, Matter of Commonwealth Oil Refining Co.,* 805 F.2d 1175 (5th Cir.1986); *In re Commerce Oil Co.,* 847 F.2d 291 (6th Cir.1988); *In re Compton Corp.,* 90 B.R.

---

**1.** This ruling parallels the primary jurisiction doctrine. *United States v. Western Pacific Railroad,* 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). At this time, the Court lacks jurisdiction

798 (N.D.Tex.1988), appeal dismissed, 889 F.2d 1104 (5th Cir.1989); *The City of New York v. Exxon Corp.,* 932 F.2d 1020 (2nd Cir.1991).

## ORDER OF DISMISSAL

For the reasons stated in the Memorandum opinion signed this date,

It is ORDERED that this adversary proceeding is dismissed without prejudice.

over the subject matter of Plaintiff's complaint; however, this Court retains jurisdiction to decide any issues under §§ 523 and 524.