**In re TRANSCONTINENTAL ENERGY CORPORATION, Debtor.**

**Richard A. DAVIS, Trustee, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF ENERGY, Defendant–Appellee.**

No. 9–105.

Temporary Emergency Court of Appeals.

Submitted on the Briefs.

Oct. 31, 1991.

Don W. Crockett, Richard F. Ahern and Allan Finkel, Judicial Litigation Div., Economic Regulatory Admin., U.S. Dept. of Energy, Washington, D.C., for defendant-appellee.

Timothy S. Cory, Cory, McDonald, Ririe and Van, Las Vegas, Nev., for plaintiff-appellant.

Before CHRISTENSEN, DAUGHERTY and BROWN, JJ.

PER CURIAM.

This appeal revisits, with a little change of scenery, the central issue decided in *U.S. Dept. of Energy v. West Texas Marketing Corp.*, 763 F.2d 1411 (Em.App.1985). The above-named trustee has appealed an order of the district court which allowed a bankruptcy claim of the Department of Energy ("DOE") as an unsecured one in the amount of $372,151.67, and rejected the trustee's contention that the claim must be subordinated as a penalty. We now affirm.[1]

Transcontinental Energy Corporation, a Nevada corporation ("Transcontinental"), filed a petition in bankruptcy under Chapter 11 of the Bankruptcy Act of 1898. The DOE filed a proof of claim in that proceeding based upon overcharges made by Transcontinental in the sale of crude oil in violation of section 209 of the Economic Stabilization Act of 1970 (ESA), 12 U.S.C. § 1904, n., as incorporated by reference along with jurisdictional provisions pertaining to this court by the Emergency Petroleum Allocation Act, 15 U.S.C. § 754(a)(1).

The trustee filed an objection to the DOE's proof of claim, contesting the merits of the DOE's underlying allegations and asserting that the claim was for a "penalty" which must be disallowed under section 57(j) of the Bankruptcy Act.[2] The bank-

---

1. Appellee, the DOE, pursuant to Rule 26 of the General Rules of this court, initially filed a motion to affirm, which we denied to permit full consideration on the briefs. The case was thereupon placed on our Summary Calendar by Chief Judge Garza. TECA General Rule 27.

2. Thereafter § 57(j) of the Bankruptcy Act was replaced in 1978 by 11 U.S.C. § 726(a)(4) of the

ruptcy judge held initially that the DOE's claim constituted a penalty. On appeal from this ruling, the district court reversed in reliance upon our decision in *West Texas Marketing* and allowed the DOE's otherwise uncontested claim in the amount of $372,151.67.

The issue presented here by appellant is whether the district court correctly determined that the DOE's allowed claim for the crude oil overcharges should have been subordinated as a penalty in whole or in part to other unsecured claims.

In its initial consideration of this issue, the bankruptcy judge granted summary judgment in favor of the trustee on the theory that the DOE's claim was for a penalty rather than restitution, relying upon a bankruptcy court decision in *In re Compton Corp.*, 40 B.R. 880 (B.C.N.D.Tex. 1984). But in light of the intervening reversal of that decision by the district court on the basis of *West Texas Marketing, see In re Compton Corp.*, 90 B.R. 798 (N.D.Tex.1988), the bankruptcy judge reconsidered his decision, thereupon determining that the DOE claim was indeed one for "restitution" which "may not be disallowed as a penalty." He held, nonetheless, that no amount may be paid to the DOE for post-petition interest or for payment to state or federal treasuries if to do so would impair any of the general unsecured creditors with allowed claims or would otherwise constitute a preference of identifiable overcharge victims.

Upon appeal to the district court, Judge Pro recognized such ruling for what it was, "a treatment of DOE's claim as a penalty to the extent that DOE does not identify specific overcharge victims under applica-

ble pricing laws," in contravention of *West Texas Marketing*. After analyzing and rejecting the bankruptcy court's other reasoning to the contrary, Judge Pro concluded:

> For the foregoing reasons, the Court finds that *West Texas Marketing* controls the instant controversy and that the DOE's claim was improperly subordinated to the extent that the DOE was unable to specifically identify overcharge victims.

> IT IS THEREFORE ORDERED that the decision of the bankruptcy court subordinating the Department of Energy's claim to the extent that the Department of Energy does not identify specific overcharge victims is REVERSED.

> IT IS FURTHER ORDERED that the Department of Energy is granted an allowed unsecured claim for $372,151.67.

Order of August 17, 1990, p. 12.

Appellant in essence argues that it was error for the district court not to accept the bankruptcy judge's "findings of fact" to the contrary, that our decision in *West Texas Marketing* was "flawed" as applied to this case, and that the district court erred by failing to consider the policy of the bankruptcy laws to distribute available funds to creditors who have suffered actual losses and who have specific identifiable claims. The appellant cites *In re Seneca Oil Company*, 906 F.2d 1445 (10th Cir. 1990), for the proposition that "although non-bankruptcy law creates the DOE claim here, it is bankruptcy law that determines the priority of that claim in bankruptcy." The Tenth Circuit reached the same conclusion as *West Texas Marketing* regarding

---

Bankruptcy Code. The latter provision "subordinates" rather than "disallows" penalty claims, a difference which the district court considered

immaterial to its order, as do we, and not questioned on this appeal.

the restitution/penalty priority issue, recognizing that the "DOE's claim was brought pursuant to Section 209 of the ESA," 906 F.2d at 1456, but disagreed with *West Texas* only in respect to jurisdiction.[3]

Finding these and all other related arguments of appellant unpersuasive, we affirm the order of the district court.

**3.** Our jurisdiction in the present case is not questioned by either party and we find it to be clear. This appeal was initially filed with the United States Court of Appeals for the Ninth Circuit which agreed with our determination in *West Texas Marketing* that the TECA had jurisdiction and rejected the contrary reasoning of the Tenth Circuit in *In re Seneca Oil. Richard A. Davis, Trustee v. United States Department of Energy,* (No. 91–15357, 9th Cir. May 23, 1991). The Fifth Circuit also recognized the jurisdiction of the TECA by transferring the appeal concerning a similar bankruptcy court ruling to this Court. *See Re Compton Corp.,* 889 F.2d 1104, 1105 (Em.App.1989). That appeal was dismissed for lack of jurisdiction not in departure from *West Texas Marketing* but by reason of the lack of finality of the order below which had left open for future determination the amount of the claim there in question. In the case now before us, the amount of the claim, as well as its unsecured and non-penalty status, was finally determined by the district court within the separate judicial unit involved. *See Re Compton Corp.,* 889 F.2d at 1106.