IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-10880

———

In the Matter of: TAE KEUM PARK; CHUN JA PARK

Debtors

TAE KEUM PARK; CHUN JA PARK

Appellants

v.

CHEN HWU CHANG; GABRIELLA CHANG

Appellees

———

Appeal from the United States District Court for the Northern District of
Texas, Dallas Division
USDC No. 3:06-CV-1804-L

———

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a district court order affirming a bankruptcy court's

grant of two motions for summary judgment in favor of Appellees ("the Changs"),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

decision with regard to an adversary proceeding in bankruptcy court, in which the Changs sought the denial of discharge of Appellants' ("the Parks") pre-petition judgment debt incurred as a result of fraud, pursuant to 11 U.S.C. § 523(a)(2)(A).   The bankruptcy court granted the Changs' first Motion for Summary Judgment and denied discharge to the Parks on the basis that a state court had already determined that the Appellants committed fraud, which caused damages to the Changs, and collateral estoppel prevented relitigation of the fraud issue.  In this first order, the bankruptcy judge set for trial the issue of damages.  The Changs filed a second Motion for Summary Judgment/Motion to Reconsider on the damages issue.  The Changs' summary judgment on damages was then granted by the bankruptcy judge in a second order, which the court treated as a Fed. R. Civ. P. 60 motion ("Rule 60(b) motion") pursuant to Fed. R. Bankr. P. 9024.[1]  In this order, all debts arising from the fraud were awarded to the Changs.  The district court affirmed the bankruptcy court on all issues.  We now affirm.

## I. Facts and Prior Proceedings

This bankruptcy dispute arises from the Changs' purchase of two automobiles from the Parks' dealership, Auto Country, Inc.  The Changs initially filed suit in state court, alleging that they fully paid for the vehicles in January of 2004 and received title documents for them, but the cars were repossessed by Toyota of Dallas in February 2004.  The Changs alleged that Auto Country, Inc. and the Parks failed to pay Toyota of Dallas, which claimed ownership, and the Changs brought suit against the Parks, Auto Country, Inc., and others for breach of contract, fraud, misrepresentation, violations of the Texas Deceptive

---

[1] FED. R. BANKR. P. 9024 makes FED. R. CIV. P. 60 applicable in the bankruptcy context.

Trade Practices Act, and other claims.

The case was tried before a jury in Texas state court in Dallas in July 2005, and the jury returned a verdict in favor of the Changs. The jury found that Auto Country, Inc. committed fraud against the Parks and that the Parks were personally responsible for the conduct of Auto Country, Inc. The Parks and Auto Country, Inc. were held jointly and severally liable to the Changs.

In August 2005, the Parks filed a voluntary Chapter 7 bankruptcy petition. The Changs then filed a complaint pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6),[2] seeking a denial of discharge of the judgment debt owed to them. The basis of this complaint was that the Parks committed fraud, as found by the state court, and, according to the doctrine of collateral estoppel, should not be discharged from the judgment debt. In June 2000, the bankruptcy court granted the Changs' Motion for Summary Judgment and denied discharge of this debt.[3] In that order, the bankruptcy court did not decide the issue of damages. However, in September 2006, Changs' filed a second Motion for Summary Judgment/Motion to Reconsider the damages issue, and the court treated the motion as a Rule 60(b) motion and granted it. The bankruptcy court found that all the damages awarded to the Changs by the state court arose from the fraud and were thus nondischargeable. The district court affirmed the

---

[2] "A discharge under 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). "A discharge under 727 . . . of this title does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." *Id.* § 523(a)(4). "A discharge under 727 . . . of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." *Id.* § 523(a)(6).

[3] The denial was based upon § 523(a)(2)(A).

bankruptcy court on all issues.  The Parks now timely appeal.

## II.  Standard of Review

The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo.[4]

## III.  Analysis

The Parks first challenge the district court's affirmance of the bankruptcy court's ruling that collateral estoppel bars relitigation of the fraud issue in this case.  The Parks allege that because the elements of fraud as found in the state court action were not the same elements required under § 523(a)(2)(A), collateral estoppel should not apply.[5]  The Parks explain that under § 523(a)(2)(A), the Changs were required to establish that (1) the Parks made a representation, (2) which was knowingly false, (3) that was made with intent to deceive the Changs, (4) that the Changs actually and justifiably relied on, and (5) that the Changs sustained a loss as a proximate result of their reliance.[6]  The Parks argue that the state court finding of fraud did not include a showing of intent or of actual and justifiable reliance as is required under § 523(a)(2)(A) and that collateral estoppel is inapplicable.  The district court pointed out, however, that the state court's charge to the jury  explaining the elements of fraud contained elements

---

[4] *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003).

[5] Under Texas law, "[a] party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action."  *Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 679 (5th Cir. 1995).

[6] *See AT&T Universal Card Services v. Mercer (In re Mercer)*, 246 F.3d 391, 403 (5th Cir. 2001).

4

that were identical to those required under § 523.[7] The district court did not err in finding that the elements of § 523(a)(2)(A) were satisfied by the state court fraud proceedings. Additionally, the Parks argue that even if they were vicariously liable for the acts of Auto Country, Inc. in the state court action, such vicarious liability is an insufficient basis for collateral estoppel. As the district court explained, however, the Parks were found to be directly liable for the conduct of Auto Country, Inc. for the fraud committed on the Changs. We conclude that the district court did not err in holding that collateral estoppel applied to the fraud issue.

The Parks argue next that it was error to award the Changs all damages from the state court action because they allege the damages arose from both dischargeable and nondischargeable claims. The bankruptcy court determined that pursuant to Cohen v. de la Cruz, all the damages awarded by the state court arose from the fraud finding.[8] As the bankruptcy judge explained, the jury found that the Parks obtained money from the Changs by fraud, and the judgment awarded is the debt resulting from that fraud, which is wholly nondischargeable.[9] The district court affirmed the bankruptcy court on the basis of Cohen, and we agree. The district court did not err in concluding that the damages found in the state court action arose from the Parks' fraud and were

---

[7] Specifically, both definitions of fraud provided to the jury contained the elements required by § 523(a)(2)(A) as set forth in *In re Mercer*. *See id.*

[8] 523 U.S. 213 (1998). The Court in *Cohen* explained that any debt fraudulently obtained is not dischargeable pursuant to § 523(a)(2)(A). *Id.* at 223. It also concluded that Congress intended the discharge exception of § 523 to favor the creditor's interest in full recovery of debts obtained through fraud over the debtor's interest in receiving a fresh start. *Id.* at 222.

[9] *Id.* at 218 (citing *Field v. Mans*, 516 U.S. 59, 61, 64 (1995) (describing § 523(a)(2)(A) as barring discharge of debts "resulting from" or "traceable to" fraud)).

thus not dischargeable.

The third issue raised by the Parks is that district court erred by affirming the bankruptcy court's treatment of the Changs' second Motion for Summary Judgment/Motion to Reconsider as a Rule 60(b) motion. Although treatment of such a motion as a Rule 60(b) motion is allowed in bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9024, that rule applies to final judgments.[10] The first judgment of the bankruptcy court in this case was interlocutory,[11] and thus Rule 60(b) is inapplicable. To the extent the district court affirmed the bankruptcy court's application of Rule 60(b), it erred. However, as the district court correctly noted, the bankruptcy court was nevertheless still within its authority to reconsider its earlier interlocutory order and consider the issue of damages. Because the bankruptcy court was within its discretion in reconsidering the issue of damages following its interlocutory order, we find no error.

## IV. Conclusion

Based on the foregoing, and for the reasons stated in the district court's careful July 19, 2007 opinion, we affirm.

---

[10] FED. R. CIV. P. 60 (Advisory Committee Note) (explaining that the use of the word "'final' emphasizes the character of the judgments, orders[,] or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, *but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.*") (emphasis added); *see also Bon Air Hotel Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970).

[11] The bankruptcy court was entitled to grant a partial summary judgment on the issue of liability even though the issue of damages was not resolved. *See* FED. R. BANKR. P. 7056 (making Fed. R. Civ. P. 56 applicable in bankruptcy adversary proceedings). Such a partial judgment is an "interlocutory summary judgment." *See* FED. R. CIV. P. 56(d)(2); *Compton Corp v. United States Dep't of Energy (In re Compton)*, 889 F.2d 1104, 1106 (Temp. Emer. Ct. App. 1989) (explaining all significant issues in an adversary proceeding must be resolved for an order to be final); *Moody v. Seaside Lanes (In re Moody)*, 825 F.2d 81, 85 (5th Cir. 1987) (explaining that the resolution of an entire adversary proceeding is final).

AFFIRMED.