HARLINGTON WOOD, Jr., Circuit Judge.
 

 This appeal raises the issue whether Goldblatt holds certain funds in an implied trust for Firestone or whether these funds are part of Goldblatt’s bankruptcy estate. We must decline the invitation to decide this issue for we have concluded that the district court order neither is final nor raises collateral issues appropriately decided prior to the entry of final judgment. We therefore lack jurisdiction and dismiss this appeal.
 

 On June 15, 1981 Goldblatt filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. On June 23, 1981 Firestone commenced an adversary proceeding against Goldblatt by filing a complaint to modify the automatic stay and to recover property. The complaint, as amended on February 19, 1982, alleges that Goldblatt holds certain funds belonging to Firestone in an implied or constructive trust and thus that Firestone holds an administrative claim to the funds.
 

 On May 20, 1982 Firestone filed a motion for partial summary judgment, “partial” in the sense that it only sought judgment with respect to the issue of Firestone’s administrative claim to the funds, with priority as provided by section 507(a)(1) of the Bankruptcy Code, 11 U.S.C. § 507(a)(1), but not with respect to the amount of the claim. Goldblatt filed a cross-motion for summary judgment, seeking dismissal of the suit. The bankruptcy court granted Goldblatt’s motion and denied Firestone’s motion, ruling that the relevant funds were not held in trust but rather were part of Goldblatt’s bankruptcy estate. On appeal
 
 *1250
 
 the district court reversed the bankruptcy court’s rulings on both motions, holding an implied trust to exist, and remanded to the bankruptcy court for a determination of the value of the trust and thus of Firestone’s administrative claim. 33 B.R. 1011. Goldblatt moved to have the district court alter or amend its judgment. The district court denied the motion and Goldblatt appealed.to this court.
 

 We consider our jurisdiction under 28 U.S.C. § 1293(b), the bankruptcy jurisdictional provision effective at the time this appeal- was filed.
 
 [1]
 
 Section 1293(b) provides in pertinent part that “a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of ... a district court of the United States.” Thus, the jurisdictional question is whether the district court order appealed is final.
 

 The appealed order granted Firestone’s administrative claim to certain funds held' by Goldblatt and remanded for determination of the amount of the claim. On remand the bankruptcy court must resolve a. dispute between the parties as to the exáct amount of Firestone’s claim.- Firestone says the claim is worth $941,640.22 while Goldblatt asserts that it is only worth $910,781.67. Resolution of this $30,000 dispute will involve consideration of how funds collected by Goldblatt in its various tire centers over a several week period just prior to the filing of the bankruptcy petition are to be accounted for under the terms ’of an agreement between Goldblatt and Firestone.
 
 [2]
 

 In deciding finality under section 1293(b), we look first to case law interpreting finality under section 1291, the non-bankruptcy analogue to section 1293, and the section after which section 1293 was modeled.
 
 See
 
 1
 
 Collier on Bankruptcy
 
 ¶ 3.03, at 3-298 (1984). Case law interpreting finality under 28 U.S.C. § 1291 establishes the general rule that an order determining the rights and liabilities of the parties and remanding for an accounting is in-terlpcutory.
 
 See Liberty Mutual Insurance Co. v. Wetzel,
 
 424 U.S. 737, 744, 96 S.Ct. 1202, 1207, 47 L.Ed.2d 435 (1976) (“[Pjartial summary judgments] limited to the .issue of petitioner’s liability ... are by their terms interlocutory, see Fed.R.Civ.P. 56(c), and where assessment of damages ... remain[s] to be resolved have never been considered to be ‘final’ within the meaning of 28 U.S.C. § 1291.”);
 
 Shearson Loeb Rhoades, Inc. v. Much,
 
 754 F.2d 773 (7th Cir.1985);
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 446 (1st Cir.1983), and cases cited therein. An exception to this rule exists where the accounting is merely mechanical or ministerial.
 
 Shearson Loeb Rhoades, Inc. v. Much,
 
 754 F.2d at 776-77;
 
 In re Saco,
 
 711 F.2d at 446, and cases cited therein.
 

 It is clear that the accounting in this case is more than mechanical or ministerial. The parties have a $30,000 dispute over the size of Firestone’s administrative claim. To settle this dispute the bankruptcy court will have to interpret the terms of the agreement between the parties. Thus, we conclude that under traditional section 1291 analysis, the appealed order is not final.
 

 This conclusion is not, however, disposi-tive of the jurisdictional issue since Gold-blatt asserts jurisdiction under section 1293, not under section 1291; and, although section 1293(b) is modeled after section 1291, several courts have held finality to mean something different under the two provisions.
 
 See
 
 discussion below. We thus turn to the question of whether, and if so how, the meaning of finality differs be
 
 *1251
 
 tween section 1293 and section 1291, and whether, if a difference exists, it alters the result in this case.
 

 The language of the two jurisdictional provisions differs insofar as section 1291 speaks of final
 
 decisions,
 
 while section 1293(b) speaks of final
 
 judgments, orders,
 
 and decrees; but this language difference is of no substantive significance.
 
 Cf. In re Riggsby,
 
 745 F.2d 1153, 1154-55 (7th Cir.1984) (the inclusion of the word “decisions” in section 158(d) and its omission from section 1293(b) is immaterial); 1
 
 Collier on Bankruptcy
 
 ¶ 3.03, at 3-297 (1984) (the omission of the word “judgment” from section 1334(b) which provides for district court jurisdiction to interlocutory orders of bankruptcy judges is one of draftsmanship). Rather, the difference, if any, between finality under section 1291 and finality under section 1293(b) stems from the unique nature of bankruptcy cases. This uniqueness may, in certain cases, justify a more liberal reading of finality under section 1293(b). We consider below two liberalized readings adopted by other circuits and their application in this case.
 

 The First Circuit, in
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441 (1st Cir.1983), considered the finality under section 1293(b) of an order that determined the right of a claimant to priority status, but left undetermined how much of the $106,-000 claim would receive priority treatment. The latter determination depended on the value of third party claims with higher priority, such as wage earners. Acknowledging that this order would be interlocutory under section 1291 finality analysis since the order left open the question of how much the claimant would ultimately receive, the court nevertheless found the order final since it left the claimant with nothing more to do than await the outcome of
 
 third-party
 
 litigation. A contrary holding, the court reasoned, “would mean that no order recognizing a claim or priority would be ‘final’ until the entire bankruptcy case was completed — or at least until all other claims of equal or greater priority were resolved.”
 
 Id.
 
 at 448.
 

 The
 
 Saco
 
 rule is not, however, applicable to this case because here, unlike in
 
 Saco,
 
 the amount the claimant ultimately receives depends on further litigation between the parties to this controversy. That is, there are still issues pending between Firestone and Goldblatt over the size of the claim, issues that are independent of any third party claims against the estate. Because we decide that the
 
 Saco
 
 rule is not applicable to this case, we express no opinion on the rule’s merit or its vitality in this circuit.
 

 The Third Circuit has also adopted a distinctive reading of finality under section 1293(b). It has established the rule that “when the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court’s order is also a final order for purposes of section 1293(b).”
 
 In re Marin Motor Oil, Inc.,
 
 689 F.2d 445, 449 (3d Cir.1982). Under this rule the appealed order is final since the original bankruptcy court order dismissed Firestone’s claim and was thus final. We recently discussed this Third Circuit position in
 
 Riggsby.
 
 We rejected it (1) because the summary nature of most bankruptcy proceedings on remand from the district court means that waiting for all issues to be decided will not cause great delay in the ultimate rendering of an appellate court decision, (2) because forcing all issues to be decided before appeal will avoid piecemeal and unnecessary appellate litigation, and (3) because under two analogous non-bankruptcy jurisdictional provisions (28 U.S.C. §§ 1291 & 1257) remands to trial tribunals by intermediate appellate tribunals are considered interlocutory.
 
 See Riggsby,
 
 745 F.2d at 1155-57. We reaffirm Riggsby’s rejection of the Third Circuit’s approach and thus decline to apply it to this case.
 

 We are left to consider whether this order, though not final, is a collateral order appropriately decided prior to the entry of final judgment under the “collateral order” doctrine of
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 546-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). In
 
 Riggsby
 
 we stated in dictum that this doc
 
 *1252
 
 trine applies to bankruptcy cases appealed under section 158(d), the successor to section 1293(b). 745 F.2d at 1157. Here, as there, we need not definitively decide on its application to bankruptcy appeals because, this appeal does not fit the doctrine. First, the appeal is not of a collateral nature because it does not raise issues separate from the merits. Second, there is no claim that the appellant will suffer irreparable harm from having to wait until the completion of the remand proceedings before appealing the district court’s ruling on the implied trust issue.
 

 For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.
 

 [1]
 

 . Goldblatt filed its notice of appeal on March 8, 1984, several months before 28 U.S.C. § 158(d), the jurisdictional provision added by the 1984 Amendments to the Bankruptcy Reform Act of 1978, became effective and implicitly repealed section 1293(b).
 
 See In re Riggsby,
 
 745 F.2d 1153, 1154-55 (7th Cir.1984). Section 158(d) and section 1293(b) are identical except for immaterial wording differences.
 
 See id.
 

 [2]
 

 . Under the agreement, Firestone had a license to operate tire centers located within or near various Goldblatt retail stores under the Gold-blatt tradename. Goldblatt collected the proceeds from each day’s business and then reimbursed Firestone a specified portion every four weeks.