*55
 
 POSNER, Circuit Judge.
 

 A trustee in bankruptcy appeals from the district judge’s reversal of a bankruptcy judge’s disallowance of the claims of two banks to participate in the bankrupt estate as unsecured creditors. The banks are seeking the difference between what the debtors owed them on their loans and what selling the properties by which the loans were secured have yielded or will yield the banks. The only question we shall have to decide, however, is whether we have jurisdiction of the appeal.
 

 Our recent decisions in
 
 In re Riggsby,
 
 745 F.2d 1153 (7th Cir.1984), and
 
 Firestone Tire & Rubber Co. v. Goldblatt Bros., Inc.,
 
 758 F.2d 1248 (7th Cir.1985), provide the framework for analyzing the question, and familiarity with those decisions is assumed. As explained in them, under both the current provision governing bankruptcy appeals (28 U.S.C. § 158, adopted last summer) and the immediate predecessor to that provision (28 U.S.C. § 1293, superseded by last summer’s amendments), only final orders by the district courts in bankruptcy cases are appeal-able to the courts of appeals. But even under the new provision, “final” does not mean the same thing in bankruptcy as in other federal cases. A proceeding to establish a claim against a bankrupt estate is final for purposes of appeal when it is over and done with, even though the bankruptcy goes on. Hence if the district court had affirmed the bankruptcy judge’s disallowance of the banks’ claims, the affirmance would have been a final decision appealable to us. But the district court did not affirm; it reversed and remanded for further proceedings to figure out not only how much money the banks were entitled to but how much each of them would get from the remaining, and insufficient, assets of the estate.
 

 Although a district judge’s decision remanding a case to a bankruptcy judge normally is not final for purposes of appeal, it is final for those purposes if all that remains to do on remand is a purely mechanical, computational, or in short “ministerial” task, whose performance is unlikely either to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand.
 
 Firestone Tire & Rubber Co. v. Goldblatt Bros., Inc., supra,
 
 758 F.2d at 1250;
 
 Parks v. Pavkovic,
 
 753 F.2d 1397, 1401-02 (7th Cir.1985). At the other extreme, an order upholding liability but leaving damages for subsequent determination is not a final order. See, e.g.,
 
 Liberty Mutual Ins. Co. v. Wetzel,
 
 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). Too much is left to do in the trial court (here the bankruptcy court). The likelihood that the proceedings on remand will moot, or at least alter, the issues that would be raised on an appeal from the liability determination, or will raise new issues for appeal and thus lead to multiple appeals if the order on liability is appeala-ble, is too great to make an immediate appeal efficient. Although there is a sense in which the district court’s order is “final” in that court, we rejected that sense in
 
 Riggsby
 
 and in
 
 Firestone.
 
 A remand in a bankruptcy controversy — a severable proceeding, such as the proceedings on the claims of these two banks, within the overall bankruptcy proceeding — is not a final order (and hence is not appealable) unless only a ministerial task remains to be done on remand.
 

 One of the banks in this case has sold the property securing its loan, and it got $61,-000 from the sale (we round off all dollar figures to the nearest thousand). Since the unpaid portion of the loan was $71,000, and the bank had paid $4,000 in taxes, the sale left a deficiency of about $15,000. The other bank, which has an outstanding debt (including taxes) of almost $180,000, has not yet sold the property that the debtor had pledged to it, but has listed it for sale for $80,000. The assets remaining in the bankrupt estate available to pay the two deficiencies are worth $12,000. With respect to the second bank, the question is not even close. With the property still to be sold, the size of the bank’s claim is indefinite, just as in the
 
 Firestone
 
 case,
 
 *56
 
 where a $30,000 dispute over the value of the creditor’s claim had still to be resolved. See 758 F.2d at 1250. But even with respect to the first bank, we cannot say that its claim is so definitely established that only a computational task remains for the bankruptcy court on remand. It may be, for example, that the bankrupt will object that the bank got less than it could have gotten for the sale of the property and hence that the deficiency is more than can fairly be charged back to the estate.
 

 It is quite true, as pointed out in
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 446-48 (1st Cir.1983), that orders allowing claims against the bankrupt estate are normally considered final for purposes of bankruptcy appeals even though the actual amount to be realized on the claim may not be determined till the actual liquidation of the estate. The idea of a severa-ble proceeding within the overall bankruptcy proceedings would have no meaning otherwise. But here the amount of the claim against the estate (after sale of the collateral securing the underlying debt), and not merely the amount of the claim that can actually be realized, remains uncertain.
 

 After the division of the estate the trustee can again appeal to the district court, and if that court adheres to its present view he can then appeal to us. But the order that the trustee has asked us to review is not within our appellate jurisdiction, and of course the fact that none of the parties has raised a jurisdictional issue cannot prevent us from ordering the appeal
 

 Dismissed.