775 F.2d 1516
 13 Bankr.Ct.Dec. 1333, Bankr. L. Rep. P 70,854
 In re TCL INVESTORS, Debtor.
TCL INVESTORS, A California Limited Partnership, Plaintiff-Appellee,
v.
BROOKSIDE SAVINGS & LOAN ASSOCIATION, Defendant-Appellant.
 No. 85-8263.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 14, 1985.
 
 Robert E. Hicks, Charles E. Campbell, J. Michael Levengood, Atlanta, Ga., for defendant-appellant.
 John C. Weitnauer, Atlanta, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.
 RONEY, Circuit Judge:
 
 
 1
 Brookside Savings & Loan Association (Brookside) appeals from an order of the district court reversing a bankruptcy court order which directed TCL Investors (TCL), a Chapter 11 bankrupt, to sell certain property to Brookside. The district court remanded the case to the bankruptcy court, holding that the bankruptcy judge must conduct an adversary hearing before this type of relief can be granted. We hold that this Court lacks jurisdiction under 28 U.S.C.A. Sec. 158(d) to hear an appeal of the district court's order and dismiss the appeal for lack of jurisdiction.
 
 
 2
 In August 1984, the bankruptcy court issued an order authorizing TCL to sell an apartment complex pursuant to a sales contract as to which Brookside stands as the purchaser. When a representative of TCL informed Brookside that the contract was in default, Brookside refused to pay the additional amount demanded to cure the alleged default. Brookside asked the bankruptcy court to order TCL to sell the apartment complex to Brookside. After receiving pleadings and holding a two-day hearing, the bankruptcy judge granted Brookside's motion for an "Order in Aid of Order Approving Sale of Property" and directed TCL to sell the property to Brookside by a certain date.
 
 
 3
 TCL appealed the bankruptcy court's order to the district court on several grounds, but the district court ruled only on TCL's argument that the bankruptcy court should have conducted a full trial on the merits, with an opportunity for discovery, before TCL was ordered to sell the property. The district court characterized Brookside's motion in the bankruptcy court as one seeking specific performance and remanded the case to the bankruptcy judge for a full adversary hearing on the issues relating to the motion. The district court also concluded that the motion was a "non-core" proceeding under 28 U.S.C.A. Sec. 157(b)(2) and that the bankruptcy court must therefore make proposed findings of fact and conclusions of law which would be reviewed de novo by the district court if one of the parties objected to the proposed findings and conclusions. Brookside filed a timely appeal to this Court from the district court order. TCL's motion to dismiss the appeal for lack of jurisdiction was carried with the case to the oral argument panel.
 
 
 4
 The jurisdiction of the federal courts of appeals in bankruptcy cases is now governed by 28 U.S.C.A. Sec. 158(d), enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 to replace a similar provision in the 1978 Act, 28 U.S.C.A. Sec. 1293. Both provisions provide for appeals from "final" decisions and orders of district courts. The parties agree that the bankruptcy court's order directing TCL to sell the property was a final order appealable to the district court under 28 U.S.C.A. Sec. 158(a). The question here is whether the district court's order reversing and remanding the case to the bankruptcy court for further proceedings is a final order appealable to this Court.
 
 
 5
 In In re Regency Woods Apartments, Ltd., 686 F.2d 899 (11th Cir.1982), this Court held it could not review a nonfinal district court bankruptcy order, unless the order satisfied one of the exceptions to the final judgment rule. The Court noted there that the district court's remand required significant judicial activity by the bankruptcy court involving considerable discretion and therefore was not finally dispositive of the merits of the case. Several other circuits have adopted the same view. In re Emerald Oil Co., 694 F.2d 88, 89 (5th Cir.1982) (no appeal where there is "no final determination of the rights of the parties to secure the relief they seek in this suit"); In re Riggsby, 745 F.2d 1153 (7th Cir.1984); In re Glover, Inc., 697 F.2d 907 (10th Cir.1983).
 
 
 6
 Although these cases and Regency Woods involved section 1293, the predecessor to section 158(d), recent cases have indicated that the two sections should be similarly interpreted. In re Fox, 762 F.2d 54, 55 (7th Cir.1985); In re Cash Currency Exchange, Inc., 762 F.2d 542, 546 n. 4 (7th Cir.1985).
 
 
 7
 Brookside cites other circuits' decisions which have held that a decision reversing and remanding the case to the bankruptcy court for further proceedings is appealable to the circuit court. "[W]hen the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court's order is also a final order for purposes of section 1293(b)." In re Marin Motor Oil, Inc., 689 F.2d 445, 449 (3d Cir.1982), cert. denied, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). See also In re Sambo's Restaurants, Inc., 754 F.2d 811, 814 (9th Cir.1985).
 
 
 8
 A post-argument submission of TCL argues that a recent Ninth Circuit case, although purporting to rationalize Sambo's with the earlier In re Martinez, 721 F.2d 262 (9th Cir.1983), in fact constitutes a substantial retreat from Sambo's, a case relied upon by Brookside. In re Stanton, 766 F.2d 1283 (9th Cir.1985). Stanton declined to take jurisdiction over an appeal, noting the difference between an order which affirms or reverses (Sambo's ) and one that remands for further factual development (Martinez ) and reciting that if "we take jurisdiction before that process [of factual development] is concluded, we interfere with the bankruptcy court's fact-finding role." Id. at 1287.
 
 
 9
 In any event, this Court is bound by the rule expressed in Regency Woods, there being no principled way to decide differently the Court's jurisdiction under the new section 158(d).
 
 
 10
 Under this standard, it is apparent that the district court's ruling is not an appealable final order. As the Court has previously noted in the bankruptcy appeals context, a final order is " 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " In re Tidewater Group, Inc., 734 F.2d 794, 795-96 (11th Cir.1984) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). The district court's order, although it reverses the bankruptcy court's decision, in no way determines the merits of the case or any of the substantive rights of the parties. Until the factual record is fully developed, as required by the district court, the issues presented cannot be adequately presented on appeal.
 
 
 11
 Brookside also argues that, even if the district court's determination is a nonfinal order, it falls within the collateral order exception of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and within the doctrine of Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). Regency Woods held that such appeals are subject to the Cohen exception. Brookside has not made a sufficient showing to invoke that exception. Now is not the time to review the district court's direction to the bankruptcy court under 28 U.S.C.A. Sec. 157(b)(2).
 
 
 12
 In holding that we are without jurisdiction to hear the instant appeal, the Court expresses no opinion on the merits of the district court's decision that the bankruptcy court's findings of fact and conclusions of law are subject to de novo review by the district court. That issue should await determination until the appropriate stage of the proceedings.
 
 
 13
 The appeal is dismissed for lack of jurisdiction.
 
 
 14
 DISMISSED.
 
 
 15
 LEWIS R. MORGAN, Senior Circuit Judge, dissenting:
 
 
 16
 I respectfully dissent from the opinion of the majority. While I agree that ordinarily a decision of the district court reversing and remanding an order of the bankruptcy court for the taking of further proceedings would fall within the "interlocutory order" concept and would not rise to the status of a final order, I would find the collateral order exception to that general rule applicable under the exceptional circumstances involved in this case.
 
 
 17
 Under the collateral order doctrine, as set forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), for a non-final order to be appealable to this court, that order must:
 
 
 18
 (1) be independent and easily separable from the substance of other claims in the action; (2) present a need to secure prompt review in order to protect important interests of any party; and (3) be examined in the light of practical, rather than narrowly technical, considerations.
 
 
 19
 In re Regency Woods Apartments, Ltd., 686 F.2d 899 (11th Cir.1982). These factors have been met to my satisfaction in this case. The propriety of the district court's order of remand, which sets the procedural posture of the case, is clearly a matter separable and distinct from the merits of this bankruptcy action. Furthermore, this matter involves the aborted sale of a 318 unit apartment complex, with a selling price of 8.8 million dollars. Originally, the financing arrangements for that purchase were to expire on September 21, 1984, and Brookside has been obliged to forego those arrangements and to make continued arrangements beyond that date. When the issue of the propriety of the district court's remand is isolated from the rest of the action and viewed from a practical perspective, I see nothing to be gained from awaiting review of this issue. Should Brookside ultimately prevail below, then this significant issue of the proper construction of provisions of the Bankruptcy Amendments and Federal Judgeship Act of 1984 will evade review. Should TCL ultimately prevail below, then the issue of the propriety of the district court's remand will return to this court with the excess baggage of another round of bankruptcy and district court proceedings having been conducted below. Yet the issue before the court--a purely legal issue as to the type of proceedings that must be conducted by the bankruptcy court in relation to a direction to sell property--will remain the same, and at least one more year will have been lost in relation to potentially unneeded litigation.
 
 
 20
 More importantly, however, I am concerned that this case raises an issue that cuts straight to the core of the new bankruptcy scheme enacted by the 1984 Bankruptcy Act and the ability of bankruptcy judges to expeditiously and efficiently conduct bankruptcy proceedings under that statutory authority. The district court here determined that the only relationship between Brookside's motion to force TCL to sell it the property and the bankruptcy laws was TCL's status as a federal bankrupt. Therefore, the court described the matter as a complaint for specific performance, a non-core proceeding over which the bankruptcy court must hold adversary proceedings and issue proposed findings. See 28 U.S.C. Sec. 157(c)(1) (bankruptcy judges may hear non-core matters that are related to a title 11 case, but proposed findings of fact and conclusions of law must be made for review by the district court, including de novo review of matters objected to); Bankruptcy Rule 7001(7) (an adversary proceeding is a proceeding in bankruptcy court "to obtain an injunction or other equitable relief..."). In my view, this position is an unrealistically narrow characterization of the entire context of the proceedings below.
 
 
 21
 First, the type of relief sought here by Brookside from the bankruptcy court clearly falls within any of a number of the non-exclusive definitions of "core" bankruptcy proceedings contained in the Act. See Secs. 157(b)(2)(A) ("matters concerning the administration of the estate"); (E) ("orders to turn over property of the estate"); (N) ("orders approving the sale of property..."); (O) ("other proceedings affecting the liquidation of the assets of the estate..."). And second, TCL originally came to the bankruptcy court seeking the benefit and protection of the status of being a bankrupt debtor. As such, TCL could not sell its property without invoking the processes of the bankruptcy court, and therefore TCL subsequently sought the permission of that court to sell its primary asset. After repeated representations to that court as to the beneficial nature of the transaction and obtaining the necessary approval, TCL altered its position and sought to avoid the transaction, presumably because it at the last minute arranged a superior deal with another buyer. TCL simply should not be permitted to wear its bankrupt status on its sleeve in invoking the benefits of the bankruptcy process, but then shed its bankruptcy clothing when it seeks to avoid the effect of an order it originally requested and which was entered for its benefit. To find that the instant case involves anything but a core bankruptcy matter would be to ignore the statutory definition of such proceedings contained in Sec. 157(b)(2) and to frustrate the necessary authority of bankruptcy courts not only to supervise estate proceeds under their control, but also to enforce their orders made in relation to those assets. Once it is recognized that an order by the bankruptcy court to enforce the sale is a "core" bankruptcy matter, the district court's characterization of this matter as merely an equitable complaint falls by the wayside, as does any requirement for an adversary proceeding under Rule 7001(7).[1]
 
 
 22
 In sum, the issue of whether the bankruptcy court could direct TCL to sell the property in question pursuant to the procedures employed by that court has been pending since at least September 19, 1984. Under the majority's holding, determination of that issue must await another day, a day that may never come, or if it does, only after extensive proceedings in two lower courts that will not aid in our resolution of the issue. In light of the importance of this question, both to the individual litigants and to the proper functioning of the bankruptcy courts under the new Bankruptcy Act, I would hold the collateral order doctrine applicable, reverse the district court insofar as it held the proceeding in question to be a "non-core" proceeding and would affirm the order of the bankruptcy court directing the sale of the property to Brookside. I respectfully dissent.
 
 
 
 [1]
 At any rate, it should be noted that the bankruptcy court here held two full days of hearings prior to issuing its order directing TCL to sell the property. Although TCL argues that it was entitled to a full adversary hearing, it has not given one concrete suggestion of how it would have proceeded differently or of how it was prejudiced by conducting this hearing as a contested matter rather than as an adversary proceeding. In this circumstance, I would be inclined to find any alleged error to be harmless, and TCL has presented no authority to the contrary