In the Matter of JOLIET–WILL COUN-
TY COMMUNITY ACTION
AGENCY, Debtor.

No. 86 C 3224.

United States District Court,
N.D. Illinois, E.D.

Nov. 26, 1986.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This matter is before the court on the motion of the Illinois Department of Commerce and Community Affairs, the Illinois Department of Public Health, and the Illinois State Board of Education ("Agencies") for leave to appeal from the April 3, 1986 ruling of the Bankruptcy Court, 58 B.R. 973, denying their motion to compel the Trustee to abandon certain property of the Debtor's estate. The Agencies, the Trustee and the federal grantor ("Action, Inc.") have all filed briefs in support of this motion. For the reasons set out below, leave to appeal is granted.

The Debtor, a non-profit community service organization, was funded exclusively through grants from the Agencies and Action, Inc. On October 22, 1984, the Debtor voluntarily filed for relief under Chapter 7 of the Bankruptcy Code. The Trustee was appointed to administer the estate, which consisted largely of grant funds and property purchased with grant funds. The Trustee filed a motion requesting authorization to sell estate property, and the Agencies and Action, Inc. filed a joint motion to compel the Trustee to abandon certain estate property.

The Agencies and Action, Inc. contended that the Debtor had only a limited interest in the grant funds and grant property, and that disbursement in a Bankruptcy proceeding would be inconsistent with the purpose of those grants. They argued that grant funds, and property purchased with grant funds, should revert to the grantor agencies.

The Bankruptcy Court denied their joint motion on April 3, 1986. The Trustee's motion for authorization to sell estate property was later granted in a June 2, 1986 order. That order directed that any existing liens or encumbrances would attach to the sale proceeds. The order further directed that the proceeds were not to be disbursed until final judgment is entered and all appeals exhausted on the motion to compel abandonment by the Agencies and Action, Inc.

This court agrees with the parties' contention that the issue is ripe for appeal. The record indicates that grant funds, and property purchased with grant funds, constitute the bulk of the estate. The Trustee states that she has little left to do at this point beyond arranging for the sale of the estate property and distributing the proceeds, along with other estate funds, to the creditors. She correctly points out that, should the April 3 order be reversed on a later appeal, all of her efforts in selling the grant property will have been for the benefit of the grantors and not the estate.

In addition, the April 3 order was dispositive of the rights of the grantor agencies in the funds and property involved. *In re Kaiser*, 791 F.2d 73 (7th Cir.1986). It is unlikely that further developments in this matter will affect or alter those rights, since it appears that essentially all that remains to be done in the case is to sell the estate property and distribute the proceeds. These tasks would properly be characterized as ministerial or computational. As such, an appeal of the April 3 order would be appropriate. *In re Fox*, 762 F.2d 54, 55 (7th Cir.1985); *Parks v. Pavkovic*, 753 F.2d 1397, 1401 (7th Cir.1985).

Appellant's motion for leave to appeal the April 3, 1986 order of the Bankruptcy Court is therefore granted. Appellant is granted 20 days in which to file.