966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of ELWOOD FORD, INCORPORATED, Debtor.
Appeal of FORD MOTOR CREDIT COMPANY.
 No. 91-3508.
 United States Court of Appeals, Seventh Circuit.
 Argued June 8, 1992.
Decided June 19, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 The parties invoke this Court's jurisdiction under 28 U.S.C. § 158(d). Section 158(d) provides for jurisdiction over appeals from "final" orders entered by the district court, in appeals from bankruptcy court judgments. In this case, Ford Motor Credit Company ("Ford Credit") appeals from a district court order which remands the case to the bankruptcy court. A district court order which remands a case to the bankruptcy court may be considered final if "all that remains to do on remand is a purely mechanical, computational, or in short 'ministerial' task, whose performance is unlikely either to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand." In re Fox, 762 F.2d 54, 55 (7th Cir.1985).
 
 
 2
 However, here the bankruptcy court's task on remand is not ministerial. Rather, the bankruptcy court's resolution of the remanded issue may not only affect the issue that the disappointed party seeks to raise on appeal, but will actually determine which is the disappointed party. The bankruptcy court ruled that Ford Credit held a first priority security interest over the debtor's remaining parts inventory on the basis that Ford Credit had priority over the original parts inventory and that the debtor had a policy of replacing parts as they were sold, so that the second-generation parts inventory was traceable to proceeds from the sale of the original parts inventory. However, the district court found that in order for Ford Credit to claim a superior interest in the debtor's remaining parts inventory, Ford Credit must either establish that the items existed as part of the pre-petition inventory, or trace the second-generation parts inventory to the proceeds of the sale of the original inventory through the debtor's bank account subject to the lowest intermediate balance rule. Thus the district court remanded the case to the bankruptcy court in order for it to determine whether Ford Credit can meet those more stringent tracing requirements. Until the bankruptcy court on remand determines that Ford Credit will be unable to meet the tracing requirements set by the district court's holding, this Court can not know which party has prevailed below.
 
 
 3
 Accordingly, the case is dismissed for lack of jurisdiction.