# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1160

_____

In re: Stephen D. McCormick, also known as Steve D. McCormick; Karen A. McCormick

*Debtor*s

------------------------------

Starion Financial

*Appellee*

v.

Stephen D. McCormick; Karen A. McCormick

*Appellant*s

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: October 20, 2015
Filed: February 1, 2016

_____

Before WOLLMAN, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

Stephen and Karen McCormick, debtors in a Chapter 11 bankruptcy proceeding, appeal the ruling of the Eighth Circuit Bankruptcy Appellate Panel (BAP). The BAP held that Starion Financial is entitled to recover the attorney's fees it incurred while collecting on its secured debt in the course of the McCormicks' bankruptcy proceedings.

The McCormicks and Starion entered into a series of loan transactions between December 2004 through June 2009. Pursuant to the various promissory notes and mortgages, the McCormicks were liable for payment of Starion's attorney's fees and costs if Starion was required to collect upon its debt. When the McCormicks defaulted on the loans, Starion and the McCormicks agreed upon a workout agreement wherein the McCormicks consented to the entry of judgment against them in a North Dakota state court on July 27, 2012, in the respective amounts of $2,078,034.26 and $1,000,000.

Shortly thereafter, in August 2012, the McCormicks filed a voluntary Chapter 11 bankruptcy petition. In their second amended plan of reorganization, the McCormicks filed modification addendums, and as relevant here, one known as the Starion Addendum, in which the McCormicks again agreed to pay Starion's allowable attorney's fees and costs associated with the bankruptcy proceedings. Starion was required by the plan to submit an itemized statement of its claim for fees and expenses at least "ten days prior to the Effective Date of the Plan." The bankruptcy plan containing this addendum was confirmed by the bankruptcy court on September 13, 2013, and the effective date of the plan was October 15, 2013. On October 3, Starion submitted an itemized statement to the McCormicks setting out various costs including interest, late fees, real estate taxes, and appraisal and engineering fees. On October 7, Starion submitted an updated statement that included attorney's fees. The McCormicks took the position that Starion was not entitled to these amounts based

either upon the plan or 11 U.S.C. § 506(b),[1] and refused to pay the amounts requested. Starion filed a motion requesting the bankruptcy court to compel payment of its attorney's fees in the amount of $125,014.64. The McCormicks argued to the bankruptcy court that there was no agreement for the payment of fees; the fee request was untimely; and the fees were not reasonable.

The bankruptcy court found that while Starion might well be oversecured (as required for payment of fees by § 506), its claim for fees arose from the judgments entered in North Dakota state court, and those judgments did not mention Starion's right to collect attorney's fees. Accordingly, the court denied the request for fees, based upon the lack of an agreement for fees. With regard to the timeliness of the fee request, the court found that the application for fees was untimely (because the October 3 filing did not contain the request for attorney's fees), but that the McCormicks were not prejudiced by such delay. The court did not ultimately decide the timeliness issue, however, finding that in light of its ruling that there was no agreement for fees, it need not decide the timeliness issue. The court did not address the reasonableness of the fee request itself.

Starion appealed to the BAP, which reversed and remanded. The BAP held that the bankruptcy court erroneously relied upon the state court judgments as the only possible "agreement" under which Starion's right to payment of its fees arose. The BAP found it was undisputed that the promissory notes, mortgages, workout agreement and other documents related to the loans between the parties contained attorney's fees provisions. In re McCormick, 523 B.R. 151, 154-56 (B.A.P. 8th Cir. 2014). The BAP reversed and remanded, stating, "For the reasons set forth, the

---

[1]A secured creditor claiming entitlement to attorney's fees and costs in a bankruptcy proceeding pursuant to 11 U.S.C. § 506(b) must establish for an allowed secured claim that: it was oversecured; an agreement or state statute authorizes attorney's fees; and the fees are reasonable. In re Schriock Constr., Inc., 104 F.3d 200, 201 (8th Cir. 1997).

decision of the bankruptcy court is reversed. The case is remanded for further proceedings to determine the reasonableness and the timeliness of the Appellant's Fee request." Id. at 156. The McCormicks appeal.

"We have an independent obligation to examine our jurisdiction and must address any jurisdictional problems we perceive even if the issue has not been raised by the parties." In re M & S Grading, Inc., 526 F.3d 363, 367 (8th Cir. 2008). Jurisdiction over bankruptcy appeals is governed by 28 U.S.C. § 158(d)(1). Our jurisdiction over appeals from the BAP in bankruptcy matters extends to "final decisions, judgments, orders, and decrees." To determine the finality of an order entered before the conclusion of a bankruptcy case we consider:

> the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; (3) the extent to which a later reversal on that issue would require recommencement of the entire proceeding.

In re Farmland Indus., Inc., 397 F.3d 647, 650 (8th Cir. 2005) (quoting In re Koch, 109 F.3d 1285, 1287 (8th Cir. 1997)).

The BAP ordered the bankruptcy court on remand to determine the timeliness of the fee request, an issue with which the bankruptcy court wrestled, but which it ultimately did not decide. The bankruptcy court found that while the fee application was submitted four days late, the debtors were not prejudiced by the four-day delay, but the court did not decide "whether Starion should be excused from submitting an untimely claim . . . despite the clear language of the plan requiring a timely submission." Because resolution of the timeliness and reasonableness of the fee application affect the merits of the underlying dispute over the fee request, the bankruptcy court on remand is left with more than a "purely mechanical or ministerial task." In re Popkin & Stern, 289 F.3d 554, 556 (8th Cir. 2002). Indeed, the BAP's

-4-

remand order leaves the bankruptcy court tasks which are *likely* to "generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal." In re Vekco, Inc., 792 F.2d 744, 745 (8th Cir. 1986) (quoting In re Fox, 762 F.2d 54, 55 (7th Cir. 1985)).  Accordingly, we dismiss the appeal for lack of jurisdiction.

_____