# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3540

_____

Elizabeth McLeod; Heidi O'Sullivan; Sherri Slocum; Ivette Harper; Robert West; Kevin Stemwell; Stephen Miller; Peggy Maxe; Karalyn Littlefield; Colleen Friedrichs; Arlene Hornilla; Marilyn Epp; Dwight Sevaldson; Ann Carlson; Michael Baehr; Gabriele Bauer; Mark Davis; Susanne Dehnke; Frank Delaney; Paula Freeman-Brown; Barbara Fuglie; Richard Fugile; Christopher Gunn; Michelle Laurence; Robert Morris; Vicki Nellen-Jungers; Heidi Neumann; Greg Norman; Michelle Racepla; Susan Ryan; Timothy Schroeder; Diane Sundquist; Greg Zimprich, for and on behalf of themselves and other persons similarly situated

*Plaintiffs - Appellees*

v.

General Mills, Inc.

*Defendant - Appellant*

------------------------------

Equal Employment Advisory Council; Chamber of Commerce of the United States

*Amici on Behalf of Appellant(s)*

AARP; Equal Employment Opportunity Commission

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 16, 2016
Filed: April 14, 2017

_____

Before BENTON and SHEPHERD, Circuit Judges, and STRAND, District Judge.[1]

_____

BENTON, Circuit Judge.

The Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act, permits waivers of ADEA rights and claims—but only if they are "knowing and voluntary" as defined by statute. **29 U.S.C. § 626(f)(1)**. In a waiver dispute, "the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary." **§ 626(f)(3)**. Here, General Mills, Inc., terminated employees and offered them benefits in exchange for releasing all ADEA claims and arbitrating release-related disputes. Thirty-three employees who signed releases request a declaratory judgment that the releases were not "knowing and voluntary." They also bring collective and individual ADEA claims. General Mills moved to compel arbitration, and the district court denied that motion. Having jurisdiction under 9 U.S.C. § 16(a)(1)(B), this court reverses and remands.

I.

In June 2012, General Mills announced it was terminating about 850 employees. General Mills offered them severance packages in exchange for signing release agreements. By the agreements' terms, employees release General Mills from all claims relating to their terminations—including, specifically, ADEA claims. The

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa, sitting by designation.

agreements also state that claims covered by the agreements will be individually arbitrated:

> [I]n the event there is any dispute or claim arising out of or relating to the above release of claims, including, without limitation, any dispute about the validity or enforceability of the release or the assertion of any claim covered by the release, all such disputes or claims will be resolved exclusively through a final and binding arbitration on an individual basis and not in any form of class, collective, or representative proceeding.

Thirty-three former General Mills employees who signed agreements sued General Mills under the ADEA. They allege, first, that their ADEA claim waivers were not "knowing and voluntary" as defined by § 626(f)(1) and related regulations, and request a declaratory judgment that the agreements do not waive their ADEA rights. They also allege that the terminations discriminated on the basis of age, and bring disparate-treatment and disparate-impact claims, both collectively and individually. General Mills moved to dismiss and compel arbitration on an individual basis. The district court denied the motion.

## II.

"This court reviews a determination concerning the arbitrability of a dispute *de novo*." *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013). The Federal Arbitration Act "requires courts to enforce agreements to arbitrate according to their terms . . . unless the FAA's mandate has been 'overridden by a contrary congressional command.'" *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012) (citation omitted), *quoting Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987). "[I]f a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation." *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 24 (2011) (per curiam).

A.

Plaintiffs assert, for the first time on appeal, that the agreements do not cover their ADEA claims. They argue that the agreement to arbitrate applies only to claims "relating to" the release of claims, and their substantive ADEA claims are not related to the release of claims. They are wrong. The agreements' "relating to" sentence shows the parties' intent to arbitrate *both* disputes about the release *and* substantive ADEA claims. The arbitration provision applies to "any . . . claim . . . relating to the above release of claims, including . . . the assertion of any claim covered by the release." The agreements explicitly state that a claim "relates to" the release of claims if it asserts a claim covered by the agreements. ADEA claims are covered by the agreements. Absent a contrary congressional command, General Mills can compel employees who signed the agreements to arbitrate their ADEA claims.

B.

The parties disagree whether there is a "contrary congressional command" overriding the FAA's mandate to enforce their agreements to arbitrate (1) substantive ADEA claims and (2) disputes about the validity of the former employees' waivers.

1.

No "contrary congressional command" overrides the FAA's mandate to enforce the parties' agreements to arbitrate substantive ADEA claims. The former employees invoke § 626(f); they do not allege that the agreements are invalid on any other statutory or common law basis. Section 626(f)(1) provides, "An individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary," and lists a number of minimum requirements. *See* **§ 626(f)(1)(A)-(H)**. Section 626(f)(3) describes how to prove a waiver:

-4-

In any dispute that may arise over whether any of the requirements, conditions, and circumstances set forth in [§ 626(f)(1)-(2)] have been met, the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary . . . .

The former employees' logic is this: First, by moving to compel arbitration of their claims, General Mills is "asserting the validity of a waiver," forcing them to forego their "right" to a jury trial and their "right" to proceed by class action. Second, if General Mills wants to assert the validity of that waiver, it "shall" (which they read as "must") do so "in a court of competent jurisdiction" (which they read as "not in arbitration").

The logic fails at step one. In asking the court to compel arbitration of the former employees' claims, General Mills is not asserting the validity of a "waiver." In § 626(f), "waiver" refers narrowly to waiver of *substantive* ADEA rights or claims—not, as the former employees argue, the "right" to a jury trial or the "right" to proceed in a class action.

This issue is largely controlled by *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009). There, the Supreme Court addressed the meaning of "rights or claims" under § 626(f)(1)(C), which prohibits waiver of "rights or claims that may arise after the date the waiver is executed." The Court held that an agreement to bring future claims in arbitration was not a waiver of "rights or claims": "The decision to resolve ADEA claims by way of arbitration instead of litigation does not waive the statutory right to be free from workplace age discrimination; it waives only the right to seek relief from a court in the first instance." *14 Penn Plaza*, 556 U.S. at 265-66. *See also id.* at 259 (explaining that an "agreement to arbitrate ADEA claims" is not a waiver of "the 'right' referred to in § 626(f)(1)"). *14 Penn Plaza* thus interprets one of § 626(f)(1)'s references to "right[s] or claim[s]" to mean substantive rights to be free from age discrimination, not procedural "rights" to pursue age discrimination claims in court.

Here, the specific "rights" the former employees cite are not "rights" under § 626(f)(1). The former employees say that § 626(c)(2) gives them a "right" to a jury trial on ADEA claims. But *14 Penn Plaza* forecloses categorizing a jury trial as a § 626(f)(1) "right." Since no "rights or claims" are waived by agreeing to bring claims in arbitration, a jury trial is not a § 626(f)(1) "right."

The former employees and *amicus* AARP try to distinguish *14 Penn Plaza* by noting that it involved a pre-dispute agreement rather than a release of already-accrued claims. They argue that "rights or claims" under § 626(f)(1)(C) has a different meaning than "right or claim" under § 626(f)(1). This argument ignores the structure of § 626(f)(1). The two "right[s] or claim[s]" phrases appear in consecutive sentences, creating a "natural presumption" that the phrases "have the same meaning." *See* **Environmental Def. v. Duke Energy Corp.**, 549 U.S. 561, 574 (2007), *quoting* **Atlantic Cleaners & Dyers, Inc. v. United States**, 286 U.S. 427, 433 (1932). The context does not rebut this presumption. Section 626(f)(1) refers to "right[s] or claim[s]" four times. Each reference describes the same "right[s] or claim[s]" and places a specific limitation on waiver of those "right[s] or claim[s]." Because an individual waives no "rights or claims" under § 626(f)(1)(C) by agreeing to bring ADEA claims in arbitration, an individual similarly waives no "right or claim" under § 626(f)(1) by agreeing to bring ADEA claims in arbitration.

The former employees also say that § 626(b), by incorporating 29 U.S.C. § 216(b), gives them a "right" to bring a class action. Section 626(b) provides, "The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections" including § 216(b). Section 216(b) says, "An action to recover . . . liability . . . may be maintained . . . in any . . . court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Section 626(b)'s incorporation of § 216(b) "expressly authorizes employees to bring collective age discrimination actions 'in

behalf of . . . themselves and other employees similarly situated.'" ***Hoffmann-La Roche Inc. v. Sperling***, 493 U.S. 165, 170 (1989), *quoting* **§ 216(b)**.

Standing alone, § 216(b) does not create a non-waivable substantive right; rather, its class-action authorization can be waived by a valid arbitration agreement. ***Owen***, 702 F.3d at 1052-55. Section 626(b)'s incorporation of § 216(b) does not elevate the *procedural* class-action authorization to a *substantive* § 626(f)(1) "right." A close reading of § 626(b) shows why. Section 626(b) says the ADEA "shall be enforced in accordance with the powers, remedies, and procedures provided in sections" including § 626(c) and § 216(b). Section 626(c) says aggrieved persons "may bring" court actions; § 216(b) says class actions "may be maintained." Under *14 Penn Plaza*, § 626(c)'s authorization of court actions does not create a § 626(f)(1) "right." Because § 216(b) and § 626(c) have similar language and context, § 216(b)'s authorization of class actions similarly does not create a § 626(f)(1) "right."

In moving to compel arbitration of the former employees' ADEA claims, General Mills did not assert the validity of a waiver of "the statutory right to be free from workplace age discrimination." *See **14 Penn Plaza***, 556 U.S. at 265. Section 626(f) is not a "contrary congressional command" overriding the FAA's mandate to enforce the agreements to arbitrate ADEA claims. Since the agreements require individual arbitration of the former employees' ADEA claims, the district court should have granted General Mills's motion as to those claims.

2.

The former employees contend that the issue for declaratory judgment—whether the purported waivers of their substantive ADEA claims were "knowing and voluntary" under § 626(f)(1)—is not arbitrable. They note that § 626(f)(3) says that "the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and

voluntary" as defined in § 626(f)(1).  They argue that the mandatory "*shall* have the burden of proving *in a court of competent jurisdiction*" (emphases added) is a contrary congressional command that overrides the FAA's directive to enforce the agreements.

Although neither party contests this court's jurisdiction over the declaratory judgment claim, this court must independently determine whether the claim presents an Article III case or controversy.  *In re McCormick*, 812 F.3d 659, 661 (8th Cir. 2016).  To satisfy the case-or-controversy requirement, a declaratory judgment action must be "definite and concrete, touching the legal relations of parties having adverse legal interests," "real and substantial," and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (alteration in original), *quoting Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id.*, *quoting Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

An Article III case or controversy may exist where a private party threatens an enforcement action that would cause an imminent injury.  *See id.* at 130-31.  Here, though, the former employees do not plead that General Mills threatens any enforcement of the ADEA claim waiver, let alone enforcement that would cause them imminent injury.  Instead, they request a declaration of their rights under a hypothetical set of facts.  They want to know their legal rights if, in the future, General Mills asserts that the waivers of their substantive ADEA rights were "knowing and voluntary" under § 626(f)(3).  The hypothetical nature of the claim is clear from the amended complaint:

*If and to the extent* that General Mills maintains that any purported waiver of 'any right or claim' under the ADEA contained in a Release Agreement form signed by any of Plaintiffs (or by other similarly situated person who may hereafter opt in to this action) is effective, *then the parties have an actual controversy*, and the Court should issue declaratory relief confirming that the Release Agreement forms signed by such persons were not 'knowing and voluntary' under the ADEA and therefore, as a matter of law, did not that [sic] waive or impair any right or claim under the ADEA.

(emphases added). The former employees acknowledge that they have a justiciable claim only "if and to the extent" General Mills asserts the validity of their substantive ADEA claim waivers. But General Mills has not asserted the validity of the substantive ADEA claim waivers. At present, the injury (as pled by the former employees) is "conjectural" or "hypothetical"—not "actual" or "imminent" as required to satisfy Article III. *See **Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560 (1992). *See also **MedImmune***, 549 U.S. at 128 n.8 (quoting *Lujan*).

No Article III case or controversy arises when plaintiffs seek "a declaratory judgment as to the validity of a defense" that a defendant "may, or may not, raise" in a future proceeding. ***Calderon v. Ashmus***, 523 U.S. 740, 747 (1998). In *Ashmus*, prisoners sued state officials who had threatened to invoke a statute that allowed qualifying states to raise a shorter statute of limitations against habeas petitions, and granted other procedural benefits. *See **id.*** at 742-43. The prisoners requested a declaration that the state did not qualify for the statutory benefits. *See **id.*** at 743. The Court held there was no case or controversy:

> The 'case or controversy' actually at stake is the class members' claims in their individual habeas proceedings. Any judgment in this action thus would not resolve the entire case or controversy as to any one of them, but would merely determine a collateral legal issue governing certain aspects of their pending or future suits.

*Id.* at 747. *Accord **Coffman v. Breeze Corp.***, 323 U.S. 316, 324 (1945) (finding no case or controversy where patent owner sought declaratory judgment that Royalty Adjustment Act was unconstitutional because "the constitutionality of the Act is without legal significance and can involve no justiciable question unless and until appellant seeks recovery of the royalties, and then only if appellee relies on the Act as a defense").

The "controversies" here are not whether the former employees waived their substantive ADEA rights. Rather, the "controversies" are the ADEA claims themselves, which the declaratory judgment action will not resolve. If the former employees won, they would still have to arbitrate the merits of the claims. If the former employees lost, they could still sue General Mills so long as General Mills did not raise waiver as an affirmative defense. The district court did not have jurisdiction over the former employees' declaratory judgment claim.[2]

### III.

On remand, the district court should dismiss the former employees' declaratory judgment claim for lack of jurisdiction, and grant General Mills's motion to compel individual arbitration of the remaining substantive ADEA claims. The district court may decide whether to stay this action or dismiss it pending resolution of the arbitrations. *See **Unison Co. v. Juhl Energy Dev., Inc.***, 789 F.3d 816, 821 (8th Cir. 2015).

---

[2]This holding does not mean that a declaratory judgment claim that a waiver was not "knowing and voluntary" under § 626(f) could never present an Article III case or controversy. *See, e.g.*, ***Newman v. District of Columbia Courts***, 125 F. Supp. 3d 95, 106-08 (D.D.C. 2015) (collecting cases and explaining that jurisdiction might exist if an agreement requires "tender back" of benefits or imposes penalties for pursuing substantive ADEA claims).

This court does not decide whether General Mills can assert the validity of its waiver in arbitration. Because this court does not have jurisdiction over the declaratory judgment action, this court does not reach the question of the import of § 626(f)(3)'s instruction that "the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary."

\* \* \* \* \* \* \*

The judgment of the district court is reversed, and the case is remanded for proceedings consistent with this opinion.

_____