# United States Court of Appeals
### For the Eighth Circuit
No. 19-1310

Tom Yeransian, in his representative capacity

*Plaintiff - Appellant*

v.

B. Riley FBR, Inc., et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: September 22, 2020
Filed: January 4, 2021

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2009, Aspen Holdings, Inc. ("Aspen"), retained the predecessor of B. Riley FBR, Inc. ("FBR"), an investment banking firm. Aspen agreed in a lengthy Engagement Letter to pay FBR 1.25 percent of the aggregate consideration paid to Aspen's shareholders in the event of an acquisition or merger. In July 2010, Aspen was acquired by Markel Corporation ("Markel"). In the Merger Agreement, Markel became the parent of Aspen and agreed to pay Aspen shareholders $135,700,000 in

cash plus additional compensation based on the future value of Aspen's business. FBR provided a fairness opinion and, at closing, received 1.25 percent of the cash consideration in accordance with the Engagement Letter. A Contingent Rights Agreement between Markel, Aspen, and American Stock Transfer & Trust Company as Rights Agent established a representative for Aspen shareholders who were issued "contingent value rights" to the additional compensation (the "CVR Holders"). Tom Yeransian, former Aspen CEO and board member, now holds that position.

In 2016, the CVR Holders sued Markel in the United States District Court for the District of Delaware, challenging Markel's valuation of the CVRs. Yeransian v. Markel Corp., No. 1:16-CV-00808-MN (D. De. 2016); Yeransian v. Markel Corp., No. 1:18-CV-01777-MN (D. De. 2018). That court has not yet issued a valuation opinion, and Markel has not paid any additional compensation. In 2018, after FBR sent Yeransian a letter stating its intent to claim 1.25 percent of the additional compensation, the CVR Holders filed this suit in Nebraska state court seeking, *inter alia*, a declaratory judgment that FBR is not entitled to further payment. FBR removed to the District of Nebraska and moved to dismiss for lack of standing.

Treating this as a factual challenge under Rule 12(b)(1), rather than a facial challenge under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court[1] granted the motion and dismissed the action without prejudice because the CVR Holders failed to show the injury in fact required for Article III standing. One month later, the court denied CVR Holders motions to alter or amend the judgment under Fed. R. Civ. P. 59(e), and for leave to amend the complaint to cure standing deficiencies. Yeransian v. B. Riley & Co., Inc., No. 8:13-CV-304, 2019 WL 252029 (D. Neb. Jan. 17, 2019).

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

The CVR Holders appeal this second order, arguing the district court erred in denying their Rule 59(e) motion because the court's dismissal order was based on a manifest error of law as to their standing.[2] "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (quotation omitted). An appeal from a Rule 59(e) motion permits the appellant to challenge the underlying dismissal order for a manifest error of law. See Henley v. Brown, 686 F.3d 634, 639 (8th Cir. 2012), cert. denied, 568 U.S. 1089 (2013). Because standing is a threshold inquiry into federal court jurisdiction, we begin -- and end -- our analysis there. See Hodak v. City of St. Peters, 535 F.3d 899, 903 (8th Cir. 2008), cert. denied, 555 U.S. 1173 (2009). We agree the CVR Holders lack standing and therefore affirm.[3]

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). To establish the "irreducible constitutional minimum of standing," the CVR Holders must show they have "(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged action of [FBR], and (3) is likely to be redressed by a favorable judicial decision." Id., quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). In reviewing a Rule 12(b)(1) dismissal based on a factual attack on the opposing party's claims,

---

[2]Rather than wait for an opinion in this case, Yeransian filed substantially the same claims against FBR in Delaware. Yeransian v. Markel Corp., No. 1:20-CV-00762-MN (D. De. June 5, 2020). Needless to say, we do not look favorably on these duplicative litigation tactics.

[3]The CVR Holders' contention that the district court erred in not considering their post-dismissal motion for leave to amend under the liberal pleading standard in Rule 15(a) is without merit. See United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823-24 (8th Cir. 2009). In any event, their lack of standing is an incurable deficiency in this case.

we review the district court's factual findings for clear error and its ultimate determination the CVR Holders lack standing *de novo*. See Branson Label, Inc. v. City of Branson, Mo., 793 F.3d 910, 914-15 (8th Cir. 2015).[4]

We conclude the CVR Holders have not made these essential showings. First, while their contract-based claims to a share of the additional compensation may well be a legally protected interest, they have not suffered injury in fact, that is, "an invasion of a legally protected interest *that is concrete and particularized and actual or imminent, not conjectural or hypothetical*." Spokeo, 136 S. Ct. at 1548 (quotation omitted, emphasis added). The final amount of the additional compensation has not been determined, and no payments have been made. Second, the only injury in fact the CVR Holders can claim -- failure to receive what they contend is their full share of the yet-unpaid additional compensation -- is not fairly attributable to the action of FBR in asserting a competing claim, and cannot be redressed *at this time* by the favorable judicial decision they seek. The additional compensation will be paid by Markel, a non-party. Thus, the CVR Holders' alleged injury in fact "is not fairly traceable to [FBR] because [it] does not possess any . . . authority" to pay their claims. Balogh v. Lombardi, 816 F.3d 536, 543 (8th Cir. 2016). The CVR Holders are prematurely asserting contractual rights that have not ripened.

The CVR Holders respond by arguing they have standing to assert this claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. The argument is unavailing. "The operation of the Declaratory Judgment Act is procedural only" and does not expand the jurisdiction of federal courts. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937). As with any claim brought in federal court, a declaratory judgment action must be "definite and concrete, touching the legal relations of parties having

---

[4]The CVR Holders' assertion that the district court erred in treating FBR's motion to dismiss as a factual challenge under Rule 12(b)(1) is frivolous. See Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008).

adverse legal interests, real and substantial, and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." McLeod v. General Mills, Inc., 856 F.3d 1160, 1166 (8th Cir. 2017) (quotation omitted). The Supreme Court has emphasized "the need . . . to prevent federal court litigants from seeking by declaratory judgment to litigate a single issue in a dispute that must await another lawsuit for complete resolution." Calderon v. Ashmus, 523 U.S. 740, 748 (1998) (citations omitted).

The CVR Holders and FBR assert competing claims to the additional compensation, which is a finite, undetermined sum of money that will be paid in the future by Markel, a non-party. The CVR Holders cite no case holding that competing claimants can sue one another because a third party may eventually decide to pay one rather than the other. In these circumstances, the competing claims are speculative, not ripe. They turn on future events, most importantly the aggregate value of the additional compensation and Markel's decision which claims it will pay. Any future injury will be traceable to Markel's decisions regarding payment, "the independent action of some third party not before this court." Lujan, 504 U.S. at 561-62. The CVR Holders have an action against Markel pending in the District of Delaware. They do not suffer present injury nor face the risk of liability in waiting for their claims to ripen in the Delaware litigation. Indeed, any declaratory judgment in this action would "merely determine a collateral legal issue." Calderon, 523 U.S. at 747. Thus, as in MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 128 n.8 (2007), "standing and ripeness boil down to the same question in this case."

The district court committed no manifest error of law in concluding the CVR Holders lack standing. The judgment of the district court is affirmed.

_____